UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRUCE DUANE BRADSHAW,

    Petitioner,                                     Case No. 11-14749
                                                          Hon. Gerald E. Rosen

v.

S. RIVARD, WARDEN,

    Respondent.
_____/

**OPINION AND ORDER GRANTING PETITIONER'S MOTION TO HOLD THE PETITION FOR WRIT OF HABEAS CORPUS IN ABEYANCE (dkts. 3 and 7) AND ADMINISTRATIVELY CLOSING THE CASE**

Bruce Duane Bradshaw, ("Petitioner"), a state prisoner presently confined at the St. Louis Correctional Facility, has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition challenges his Berrien Circuit Court convictions for assault with intent to do great bodily harm less than murder and felonious assault. Petitioner has filed a motion to stay the habeas corpus proceeding and hold the petition in abeyance to permit him to return to the state courts to present additional claims that have not been exhausted with the state courts and that are not included in his current habeas petition. For the reasons stated below, the Court holds the petition in abeyance and stays the proceedings under the terms outlined in this opinion to permit Petitioner to return to the state courts to exhaust his additional claims. If this fails, the petition will be dismissed without prejudice.

1

## I. Background

Petitioner was convicted after a jury trial in the Berrien Circuit Court. He was sentenced on September 29, 2008. Petitioner's direct appeal was denied by the Michigan Supreme Court on July 26, 2010. *People v. Bradshaw*, 487 Mich. 856 (2010).

On October 28, 2011, Petitioner filed the instant petition for writ of habeas corpus. Before the Court is Petitioner's motion to hold the habeas petition in abeyance so that he can return to the state courts and file a motion for relief from judgment raising the following two claims:

> I. The judge made an unreasonable determination of the facts when he said that the defense instruction given by the court matched the facts given by the defendant's own testimony.
>
> II. The judge unreasonably applied a self-defense instruction to the defendant's defense.

## II. Discussion

Federal district courts are authorized to stay fully exhausted federal habeas petitions pending the exhaustion of other claims. *Moritz v. Lafler*, No. 2:07-CV-15369, 2008 WL 783751, at *2 (E.D. Mich. Mar. 19, 2008) (citing *Anthony v. Cambra*, 236 F.3d 568, 575 (9th Cir. 2000)). The Sixth Circuit Court of Appeals has advised that it is preferable for a district court to stay proceedings pending exhaustion on a habeas petition, rather than dismissing the petition without prejudice. *Griffin v. Rogers*, 308 F.3d 647, 652, n. 1 (6th Cir. 2002).

In this case, Petitioner requests a stay because he wishes to present two new claims to the state courts, and he wishes to retain the option of adding them to his habeas petition if he is unable to obtain relief in the state courts.

The Court grants Petitioner's motion to hold the petition in abeyance while he returns to the

state courts to exhaust his new claim. The outright dismissal of the petition, albeit without prejudice, might result in preclusion of consideration of Petitioner's claims in this Court due to the expiration of the one year statute of limitations contained in the Antiterrorism and Effective Death Penalty Act (AEDPA). *See* 28 U.S.C. § 2244(d)(1). The Court notes that it appears that Petitioner had only a few days remaining on the statute of limitations when he filed the instant action. The time period appears to have started to run on October 24, 2011, or 90 days after the Michigan Supreme Court denied his application for leaver to appeal on July 26, 2010. See § 2244(d)(1)(a). Petitioner dated his petition October 21, 2011. Accordingly, it appears that Petitioner has very little time remaining on his period of limitations.

A common circumstance calling for abating a habeas petition arises, as here, when a Petitioner wishes to include new unexhausted claims to his habeas petition, but the dismissal without prejudice of the first petition would probably result in the second petition being time barred by the AEDPA's statute of limitations. *See Hargrove v. Brigano*, 300 F. 3d 717, 720-21 (6th Cir. 2002). The U.S. Supreme Court, in fact, has suggested that a habeas petitioner who is concerned about the possible effects of his state post-conviction filings on the AEDPA's statute of limitations could file a "protective" petition in federal court and then ask for the petition to be held in abeyance pending the exhaustion of state post-conviction remedies. *See Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005)(citing *Rhines v. Weber,* 544 U.S. 269, 278 (2005)).

However, even where a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines*, 544 U.S. at 278. To ensure that there are no delays by Petitioner in exhausting his state court remedies, this Court will impose upon Petitioner time

3

limits within which he must proceed with his state court post-conviction proceedings. *See Palmer v. Carlton*, 276 F. 3d 777, 781 (6th Cir. 2002).

The Court holds the petition in abeyance to allow Petitioner to initiate post-conviction proceedings in the state courts.  This tolling is conditioned upon Petitioner initiating his state post-conviction remedies within sixty days of receiving this Court's order and returning to federal court within sixty days of completing the exhaustion of state court post-conviction remedies. *Hargrove*, 300 F. 3d at 721; *See also Geeter v. Bouchard*, 293 F. Supp. 2d 773, 775 (E.D. Mich. 2003).

### III. ORDER

It is **ORDERED** that Petitioner's motion to hold the petition for writ of habeas corpus in abeyance (dkts. 3 and 7) is **GRANTED**.  Petitioner may attempt to file a second motion for relief from judgment with the state court within sixty (30) days of receipt of this Court's order.  If Petitioner fails to file a motion for relief from judgment with the state courts by that date, the Court will dismiss his petition without prejudice.

If Petitioner files a motion for relief from judgment, he shall notify this Court that such motion papers have been filed in state court.  The case will then be held in abeyance pending Petitioner's exhaustion of the claims.  Petitioner shall refile a habeas petition within thirty(30) days after the conclusion of the state court post-conviction proceedings.  Petitioner is free at that time to file an amended habeas petition which contains newly exhausted claims.

To avoid administrative difficulties, the Court **ORDERS** the Clerk of Court to **CLOSE** this case for statistical purposes only.  Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter. *See Sitto v. Bock*, 207 F. Supp. 2d at 677.

It is further **ORDERED** that upon receipt of a motion to reinstate the habeas petition following exhaustion of state remedies, the Court may order the Clerk to reopen this case for statistical purposes.

s/Gerald E. Rosen
Chief Judge, United States District Court

Dated:  January 24, 2012

I hereby certify that a copy of the foregoing document was served upon Bruce Duane Bradshaw,#168085, St. Louis Correctional Facility, 8585 N. Croswell Road, St. Louis, MI 48880 on January 24, 2012, by ordinary mail.

s/Ruth A. Gunther
Case Manager
